<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **EDWARD ANDUJAR** and **YUDERCA DELEON**, | :<br>:<br>: |
| *Plaintiffs,* | :<br>: Civil Action No. 14-7836<br>: |
| v. | : **OPINION**<br>: |
| | : July 7, 2015<br>: |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,** | :<br>:<br>: |
| *Defendants*. | :<br>: |

**ARLEO, UNITED STATES DISTRICT JUDGE.**

Before the Court are the motions of Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), Mortgage Electronic Registration System ("MERS"), and Bank of America, N.A. ("BANA," and collectively, "Defendants") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. Nos. 8, 9]. Plaintiffs Edward Andujar and Yuderca Deleon (collectively, "Plaintiffs") oppose the motion. The Court has considered Defendants' motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth herein, Defendants' motions are **GRANTED**.

**I. BACKGROUND**

Plaintiffs, who are proceeding pro se, are the owners of real property located at 447 Stevenson Place, Perth Amboy, New Jersey. Compl. ¶ 1. In connection with the purchase of this property, non-party Nations Home Mortgage Corp. ("Nations Home") issued a loan to Plaintiffs on August 14, 2006, and took a security interest in Plaintiffs' property. Id. ¶¶ 27-29. Plaintiffs

executed a note and a mortgage (the "Note" and the "Mortgage") with respect to the loan. Id. ¶ 28-29. They allege that their loan, along with many others, was securitized and assigned to a trust: "MERRILL LYNCH MORTGAGE INVESTORS TRUST, SERIES 2007-MLN1." Id. ¶ 30. Plaintiffs allege that Defendant Deutsche Bank is the trustee for the securitization trust that now owns Plaintiffs' Note and Mortgage. Id. ¶¶ 30, 34. Defendant BANA currently services Plaintiffs' loan. Id. ¶ 35.

Relying on a purported "forensic loan audit" conducted at Plaintiffs' request, Plaintiffs contend that their loan is invalid. Id. ¶ 33. Plaintiffs assert that Nations Home's assignment of the Note and Mortgage violated an agreement between several banks—the Pooling and Servicing Agreement ("PSA")—and that the Note and Mortgage were not properly assigned. Id. ¶¶ 62-69. Specifically, Plaintiffs claim that the PSA required: (1) that the Note and Mortgage be transferred before the closing date, see id. ¶¶ 70-72; (2) that there be a complete and unbroken chain of transfers, id. ¶ 74; (3) that the trustee have physical possession of the Note, id. ¶ 92; and (4) that the Note and Mortgage not be split, id. ¶ 98. Plaintiffs do not allege, however, that they signed or were parties to the PSA. Plaintiffs also complain that an assignment of the Mortgage by MERS recorded on May 21, 2012 (the "Assignment"), was ineffective and fraudulent because it was signed by Larisa Post, an Assistant Secretary for MERS who also appears to have signed other documents as a Vice President of BANA. Id. ¶¶100-08.

Plaintiffs assert that the above requirements in the PSA were not met and, as a result, Defendants are purportedly not "holders in due course of the Note" and "are not beneficiaries under the Mortgage." Id. ¶ 38. Thus, Plaintiffs claim that Defendants do not have a security interest in Plaintiffs' property, id. ¶ 95, and do not have standing to foreclose upon Plaintiffs' property, id. ¶¶ 38, 44. Plaintiffs have not alleged, however, that Defendants have instituted

2

foreclosure proceedings. Instead, they apparently claim that the Defendants' failure to notify Plaintiffs of the Assignment constituted "an unlawful foreclosure of the Subject Property." Id. ¶¶ 194-95.

Plaintiffs also claim that they have no obligations with respect to their unpaid mortgage payments because: (1) the originator of the mortgage sold its interest in the loan and was "paid in full," id. ¶ 47; (2) Nations Home did not perform proper due diligence and failed to verify Plaintiffs' income, id. ¶¶ 53-59; (3) the Mortgage and Note were permanently separated, making Plaintiffs' obligation a legal nullity, see id. ¶¶ 112-17; and (4) Defendants failed to properly record assignments of the Mortgage and Note, id. ¶¶ 118-26. Plaintiffs also claim for a variety of reasons that Defendants lack standing to foreclose on their property. See id. ¶¶ 128-44.

Plaintiffs filed the instant Complaint against Defendants on December 16, 2014, alleging that Defendants have no right or interest in the Note or Mortgage because of the securitization of Plaintiffs' Mortgage and alleged defects in the chain of title to their Note. The Complaint contains thirteen counts, all of which are asserted against the moving Defendants: (1) Declaratory Relief; (2) Injunctive Relief; (3) Quiet Title; (4) Negligence Per Se; (5) Accounting; (6) Breach of the Covenant of Good Faith and Fair Dealing; (7) Breach of Fiduciary Duty; (8) Wrongful Foreclosure; (9) Violation of the Real Estate Settlement Procedures Act ("RESPA"); (10) Violation of the Home Ownership Equity Protection Act ("HOEPA"); (11) Fraud in the Concealment; (12) Intentional Infliction of Emotional Distress; and (13) Slander of Title. Id. ¶¶ 145-267.

**II.  STANDARD OF REVIEW**

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and

3

provides the defendant with "fair notice of what . . . the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotations omitted). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all of the facts contained in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). While this standard certainly places a considerable burden on the party seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. That is, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

With respect to certain claims, Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

While the above framework still applies in cases where, as here, a plaintiff is proceeding pro se, the court is required to construe the pro se complaint more liberally than it would a complaint drafted by an attorney. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011). This less stringent standard does not mean, however, that pro se plaintiffs need not abide by the basic rules of pleading; they "still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

**III.   DISCUSSION**

    **A.   Declaratory Relief (Count One)**

Although it is difficult to discern the basis of Plaintiffs' claim for declaratory relief, they do assert that Defendants failed to comply with the terms of a PSA. Plaintiffs allege that their Note and Mortgage were securitized and transferred or assigned in a manner that conflicts with the PSA. Compl. ¶¶ 145-52. Defendants respond that Plaintiffs were not parties to, or intended third-party beneficiaries of, the PSA and therefore do not have standing to assert a claim for violation of same.

The Declaratory Judgment Act provides that, "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Before a federal court may grant a declaratory judgment, "[t]here must be a substantial controversy between the parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1170 (3d Cir. 1987). "The fundamental test is whether the plaintiff seeks merely advice or whether a real question of conflicting legal interests is presented for judicial determination." Id. at 1170. "Although the threat of legal action may present a real controversy, the remedy of a declaratory judgment is discretionary even where a justiciable controversy exists." Id. (internal citations omitted).

Here, Plaintiffs appear to ask for declaratory relief regarding the application of the PSA and the status of different parties under the PSA. Compl. ¶ 149. But Plaintiffs have not alleged an adverse legal interest of sufficient immediacy. Although Plaintiffs assert that "Defendants do not have authority to foreclose upon" Gonzalez's property, id. ¶ 147, Plaintiffs have not pled that Defendants have instituted foreclosure proceedings. Rather, they seek to preclude the possibility of a "future foreclosure." See Compl. Prayer for Relief ¶ 9; see also Espaillat v. Deutsche Bank

5

Nat. Trust Co., No. 15-314, 2015 WL 2412153, at *2 (D.N.J. May 21, 2015) ("[D]eclaratory relief requires a live controversy of sufficient immediacy between the parties. In contrast, here, there is no pending foreclosure action to make these allegations relevant.") (internal citations omitted); Coleman v. Deutsche Bank Nat. Trust Co., No. 15-1080, 2015 WL 2226022, at *3 (D.N.J. May 12, 2015) ("[T]here is no immediate controversy warranting declaratory judgment as there is no active foreclosure action."). Nor have Plaintiffs pled that they are parties to the PSA such that they could enforce the terms of the agreement regarding the validity of assignment or transfer. See Eun Ju Song v. Bank of America, N.A., No. 14-3204, 2015 WL 248436, at *2 (D.N.J. Jan. 20, 2015); Glenn v. Hayman, No. 07-112, 2007 WL 894213, at *10 (D.N.J. Mar. 21, 2007). Apart from conclusory legal allegations, the Complaint contains insufficient factual pleading to support a reasonable inference that Plaintiffs have standing to assert any violation of the PSA as parties or third-party beneficiaries. Finally, declaratory relief is inappropriate because, as discussed below, none of Plaintiffs' substantive counts states a claim upon which relief may be granted.

Courts in this district—including this Court—have confronted nearly identical complaints containing the same causes of action as in the present case and have denied requests for declaratory relief based on alleged violations of loan pooling agreements to which the plaintiff was not a party. See, e.g., Gonzalez v. U.S. Bank Nat'l Ass'n, No. 14-7855, 2015 WL 3648984, at *3-4 (D.N.J. June 11, 2015); Hernandez v. Fed. Nat'l Mortg. Ass'n, No. 14-7950, 2015 WL 3386126, at *3 (D.N.J. May 26, 2015) (denying declaratory relief because "the securitization of a loan does not provide a plaintiff with a cause of action."); Espaillat 2015 WL 2412153 at *2 (dismissing claim for declaratory relief); Coleman, 2015 WL 2226022 at *3 (same). Accordingly, Count One is dismissed.

      B.      **Injunctive Relief (Count Two)**

Similarly, Plaintiffs are not entitled to injunctive relief. Injunctive relief is "an extraordinary remedy … which should be granted only in limited circumstances." Empire United Lines v. Baltic Auto Shipping, Inc., No. 15-355, 2015 WL 337655, at *1 (D.N.J. Jan. 23, 2015) (quoting AT & T v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994)). For a court to grant injunctive relief, a party must demonstrate: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004).

The allegations in the Complaint do not demonstrate a likelihood of success on the merits. As Defendants note, Plaintiffs admit in the Complaint: (1) that they executed the Note in favor of Nations Home and the Mortgage in favor of MERS as nominee for Nations Home; and (2) that BANA is the loan servicer. Compl. ¶¶ 27-29, 35. Plaintiffs acknowledge that they owed a specified debt, and none of Plaintiffs' allegations regarding an alleged breach of a pooling agreement to which they were not parties gives rise to the reasonable inference that Plaintiffs are excused from repaying their loan. Nor does Plaintiffs' conclusory allegation that the debt has been "paid in full" show a likelihood of success on the merits. Id. ¶ 47. Plaintiffs' claim of irreparable harm is based upon "los[s]" or "sale of the Subject Property." Id. ¶ 156. As stated above, however, Plaintiffs have not pled any facts related to an impending foreclosure or sale of the property. Having failed to establish either a likelihood of success on the merits or irreparable harm, Plaintiffs' claim for injunctive relief is dismissed.

    **C.**    **Action to Quiet Title (Count Three)**

7

Pursuant to New Jersey's quiet title statute, a plaintiff may maintain an action to "clear up all doubts and disputes concerning" competing claims to land. N.J.S.A. 2A:62-1. The Complaint "shall state the manner in which plaintiff either acquired title or the right to possession and shall describe the property with such certainty that the defendant will be distinctly apprised of its location or character." N.J. Ct. R. 4:62-1. A plaintiff must describe the nature of the competing claims in his complaint. See Espinoza v. HSBC Bank, USA, Nat. Ass'n, No. 12-4878, 2013 WL 1163506, at *3 (D.N.J. Mar. 19, 2013). In addition, a plaintiff must allege facts showing that a defendant's competing interest is wrongful. English v. Fed. Nat'l Mortg. Ass'n, No. 13-2028, 2013 WL 6188572, at *3 (D.N.J. Nov. 26, 2013). But a conclusory allegation that Defendant's claim to title is invalid is insufficient to state a claim for quiet title. See Cabeza v. Fed. Home Loan Mortg. Corp., No. 15-1589, 2015 WL 2226024, at *4 (D.N.J. May 12, 2015) (dismissing quiet title claim based on allegation that assignment of mortgage was invalid) (citing Schiano v. MBNA, No. 05-1771, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013)).

Here, Plaintiffs' Complaint contains only conclusory factual allegations regarding the superiority of Plaintiffs' title. Merely alleging that "Defendants' interests in the Subject Property are junior," Compl. ¶ 165, and that the loan documents are invalid or improperly assigned does not state a claim for an action to quiet title. See Reyes v. Governmental Nat'l Mortg. Ass'n, No. 15-64, 2015 WL 2448962, at *3 (D.N.J. May 21, 2015) ("[C]onclusory allegations regarding the invalidity of the loan documents are insufficient to state a quiet title claim."); Boykin v. MERS/MERSCORP, No. 11-4856, 2012 WL 1964495, at *5 (D.N.J. May 31, 2012). Count Three is therefore dismissed.

**D.    Negligence Per Se (Count Four) and Breach of Fiduciary Duty (Count Seven)**

"In order to sustain a common law cause of action in negligence, a plaintiff must prove four core elements: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." L.S. v. Mount Olive Bd. of Educ., 765 F. Supp. 2d 648, 666 (D.N.J. 2011) (internal alterations omitted) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)). Similarly, "[i]n order to establish a cause of action for a breach of fiduciary duty in New Jersey, a plaintiff must show that: (1) the defendant had a duty to the plaintiff, (2) the duty was breached, (3) injury to plaintiff occurred as a result of the breach, and (4) the defendant caused that injury." Goodman v. Goldman, Sachs & Co., No. 10-1247, 2010 WL 5186180, at *10 (D.N.J. Dec. 14, 2010). Both a claim for breach of fiduciary duty and a claim for negligence require that the defendant owed the plaintiff a legal duty. See, e.g., Strachan v. John F. Kennedy Mem'l Hosp., 109 N.J. 523, 529 (1988); Paradise Hotel Corp. v. Bank of Nova Scotia, 842 F.2d 47, 53 (3d Cir. 1988).

Plaintiffs allege that Defendants owed a "duty of care and skill to Plaintiff in the servicing of PLAINTIFFS' loan." Compl. ¶ 170. They also allege that Defendants "acquire[d] a fiduciary duty toward the Plaintiffs" based on "general equitable principles of fair and honest dealing." Id. ¶ 188. Plaintiffs contend that Defendants breached this duty by failing to inform Plaintiffs of transfers of interest in the Mortgage and Note or to validly assign the Mortgage and Note. Id. ¶ 171.

"[I]t is well established that a bank does not owe a legal duty to a borrower." Galayda v. Wachovia Mortg., FSB, No. 10-1065, 2010 WL 5392743, at *13 (D.N.J. Dec. 22, 2010); Margulies v. Chase Manhattan Mortg. Corp., No. L-5812-03, 2005 WL 2923580, at *2 (App. Div. Nov. 7, 2005) ("[A]s a general rule there is no fiduciary relationship between a debtor and a creditor, i.e., also a mortgagee and a mortgagor and, therefore, there can be no breach of fiduciary duty claim.").[1]

---

[1] Although there are exceptions in situations where "the lender encouraged the borrower to repose special trust or confidence in its advice, thereby inducing the borrower's reliance," United Jersey

9

Thus, Plaintiffs' conclusory allegations that Defendants "acquire[d] a fiduciary duty toward the Plaintiffs," Compl. ¶ 188, and that Defendants had a "duty of care and skill to Plaintiffs in the servicing of PLAINTIFFS' loan," id. ¶ 170, are insufficient to state a claim to relief that is plausible on its face. Counts Four and Seven are accordingly dismissed.

### E. Action for an Accounting (Count Five)

Plaintiffs allege that "[s]ince Nations Home Mortgage Corp. sold the PLAINTIFFS' NOTE without endorsing the NOTE and without making and recording an assignment of the MORTGAGE, Plaintiffs have been making improper mortgage payments to Defendants." Compl. ¶ 175. "For these reasons, Plaintiffs request an accounting." Id. ¶ 178.

Plaintiffs do not identify, either in the Complaint or in opposition to Defendants' motion, any contract or statutory provision that entitles them to an accounting. Nor do they contest that they executed the Note and Mortgage and had an obligation to repay the loan. Accordingly, Plaintiffs do not state a claim for an accounting. Coleman, 2015 WL 2226022 at *5 ("Plaintiff has identified no contract or statutory provision that entitles him to relief from Defendants or provides Plaintiff a remedy of an accounting."); Tolia v. Dunkin Brands, No. 11-3656, 2011 WL 6132102, at *6 n.5 (D.N.J. Oct. 7, 2011) (noting that an accounting is considered a remedy, not a separate cause of action).

### F. Breach of the Covenant of Good Faith and Fair Dealing (Count Six)

"[E]very contract in New Jersey contains an implied covenant of good faith and fair dealing." Sons of Thunder, Inc. v. Borden, Inc., 148 N.J. 396, 420 (1997). "[N]either party shall do anything which will have the effect of destroying or injuring the right of the other party to

---

Bank v. Kensey, 306 N.J. Super. 540, 554-55 (App. Div. 1997), Plaintiff has pled no facts that would give rise to a reasonable inference that either Defendant created such a special relationship. See Wilkins v. ING Bank FSB, No. 10-5334, 2011 WL 3913120, at *2 (D.N.J. Sept. 1, 2011) (dismissing claim where plaintiff failed to plead facts regarding a special relationship with lender).

receive the fruits of the contract." Kalogeras v. 239 Broad Ave., L.L.C., 202 N.J. 349, 366 (2010). To establish a breach of the covenant of good faith and fair dealing, Plaintiffs must show: (1) the existence of a contract; (2) wherein defendant destroyed plaintiffs' "reasonable expectations" under the contract; and (3) defendant acted with "ill motives and without any legitimate purpose." DiCarlo v. St. Mary Hosp., 530 F.3d 255, 267 (3d Cir. 2008) (quoting Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 226 (2005)). "[A] defendant may be liable for a breach of the covenant of good faith and fair dealing even if it does not violate an express term of a contract." Id. (internal alterations omitted). But the covenant cannot "alter the clear terms of an agreement and may not be invoked to preclude a party from exercising its express rights under such an agreement." Fleming Cos. v. Thriftway Medford Lakes, Inc., 913 F. Supp. 837, 846 (D.N.J. 1995).

Plaintiffs assert that, if Defendants were to initiate "the commencement of foreclosure proceedings upon the Subject Property … the foreclosure constitutes a breach of the covenant." Compl. ¶ 182. But Plaintiffs have not pled that any Defendant has initiated foreclosure proceedings. Apart from this speculative future conduct, Plaintiffs do not plead any act by Defendants that destroyed Plaintiffs' reasonable expectation under the loan agreement.

Moreover, Plaintiffs have failed to plead "ill motives." "[A] party does not breach the implied covenant of good faith and fair dealing merely because its decisions disadvantaged another party." Elliott & Frantz, Inc. v. Ingersoll-Rand Co., 457 F.3d 312, 329 (3d Cir. 2006) (applying New Jersey law). "Without bad motive or intention, discretionary decisions that happen to result in economic disadvantage to the other party are of no legal significance." Wilson v. Amerada Hess Corp., 168 N.J. 236, 251 (2001). There is no bad faith where the party acts "for any purpose—

including ordinary business purposes—reasonably within the contemplation of the parties." Id. at 252.

Plaintiffs point to no bad faith or conduct by Defendants depriving them of their rights and benefits under the Note and Mortgage.  Nor do Plaintiffs allege facts that would support a reasonable inference that any Defendant acted with ill motive and not merely with the intent to collect the amount Plaintiffs owed under the loan agreement.  Plaintiffs' allegations are therefore insufficient.  Angel Jet Servs., LLC v. Borough of Woodland Park, No. 10-6459, 2012 WL 5335830, at *5 (D.N.J. Oct. 26, 2012) (dismissing where plaintiff alleged "merely that its contractual partner exercised the discretion expressly afforded to it under the agreement, and that this decision worked to the disadvantage of the complaining party . . . [but] fail[ed] to suggest that [defendant] exercised its discretion under the Healthcare Contract for an improper motive."); Graddy v. Deutsche Bank, No. 11-3038, 2013 WL 1222655, at *4 (D.N.J. Mar. 25, 2013) ("Plaintiff has not alleged that Wachovia engaged in any conduct, apart from that which the contract expressly permitted, in bad faith or for the purposes of depriving the plaintiff of their rights under the contract.").  Count Six is therefore dismissed.

### G.     Wrongful Foreclosure (Count Eight)

Plaintiffs do not cite to any statute or case law that supports a cause of action for "wrongful foreclosure."  Nor has this Court found any such independent cause of action cognizable under New Jersey law.  Moreover, Plaintiffs do not plead any facts sufficient to give rise to a reasonable inference that any Defendant has attempted to foreclose upon the property.  Plaintiffs do not allege that there was a foreclosure proceeding, where, when, or how the alleged foreclosure proceedings occurred, or by whom the proceedings were commenced.  Rather, Plaintiffs claim that because they were not notified when the Mortgage was assigned, "Defendants have engaged in an unlawful

foreclosure of the Subject Property. <u>See</u> <u>Exhibit A</u>." Compl. ¶ 194-95. As an initial matter, the failure to notify a borrower of an assignment simply does not constitute a foreclosure. Thus, to the extent that Plaintiffs claim "wrongful foreclosure" on the basis of an assignment, that theory is rejected. Second, nothing in the Complaint or in the attached Exhibit A even suggests that actual foreclosure proceedings have ever been instituted against Plaintiffs. Indeed, Exhibit A contains a section entitled "Foreclosure" that merely lists the recording of the Mortgage in 2006 and the recording of the Assignment in 2012. Dkt. No. 1-1, Ex. A at 20. It provides no indication that actual foreclosure proceedings were ever commenced. Moreover, Plaintiffs' request for relief relates to a possible "future foreclosure," not a pending foreclosure. <u>See</u> Compl. Prayer for Relief ¶ 9. Plaintiffs have not stated a cognizable cause of action.

      **H.**      **Alleged Violation of the Real Estate Settlement Procedures Act (Count Nine)**

The Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617 ("RESPA"), applies to "service[s] provided in connection with a real estate settlement," including title searches and "origination of a federally related mortgage loan." <u>Freeman v. Quicken Loans, Inc.</u>, 132 S. Ct. 2034, 2037-38 (2012) (quoting 12 U.S.C. § 2602(3)) (internal quotation marks omitted). Section 2607(a) prohibits payment of fees or transfer of valuable consideration for business referrals in real estate settlement service involving federally related mortgage loans. 12 U.S.C. § 2607(a). In addition, no splitting of charges is permitted except for services actually performed. 12 U.S.C. § 2607(b).

With respect to RESPA, Plaintiffs plead that, "[i]n violation of 12 USC §2607 and in connection with the mortgage loan to Plaintiffs, Defendants accepted charges for the rendering of real estate services which were in fact charges for other [sic] than services actually performed." Compl. ¶ 207. Plaintiffs do not allege which Defendant purportedly accepted real estate services

13

charges; the identity of the individual with whom any Defendant split charges; what charges were impermissibly imposed for real estate services; or what "other . . . service [Defendant] actually performed" when it purportedly billed for real estate services. 12 U.S.C. § 2607(b). This bare invocation of the legal standard without factual support will not suffice. Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Count Nine is therefore dismissed.

### I.      Violation of the Home Ownership and Equity Protection Act (Count Ten)

Plaintiffs allege that Defendants violated the Home Ownership and Equity Protection Act ("HOEPA") by failing to make required disclosures—including disclosing the homeowner's right of rescission—in the parties' August 14, 2006, loan agreement. Defendants assert that this claim is barred by the statute of limitations pursuant to 15 U.S.C. § 1635. Plaintiffs do not contest that this action was brought beyond the limitations period, but instead request that the limitations period be tolled. Id. ¶ 223. "[A] limitations defense [may] be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotation marks omitted).

HOEPA requires certain disclosures "in the case of any consumer credit transaction," including "clear[] and conspicuous[]" disclosure of an "obligor's right to rescind." 15 U.S.C. § 1635(a). Where this disclosure is absent, an obligor has "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first" to invoke the right to rescind. Moreover, an obligor may bring a claim for failure to make a required disclosure "within one year from the date of the occurrence of the violation . . . ." 15 U.S.C. § 1640(e).

Plaintiffs plead that the transaction was consummated on August 14, 2006. Compl. ¶¶ 27-29. This action was filed over eight years later on December 16, 2014. There is no dispute that the face of the Complaint shows that the action was brought beyond the limitations period. Instead, Plaintiffs argue that the limitations period should be tolled because Plaintiffs "first learned . . . [of Defendants'] failure to disclose . . . only recently." Id. ¶ 223. Plaintiffs do not dispute that they were aware of Defendants' alleged conduct and that they were provided with mortgage documentation at the time the transaction occurred.

The Third Circuit has identified three scenarios in which equitable tolling may be appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). The party seeking tolling must also demonstrate that he or she "exercised reasonable diligence in investigating and bringing the claims." Miller v. N.J. Dep't of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998).

Courts in this district have dismissed untimely HOEPA claims where—as here—the complaint contains no factual allegations demonstrating that a defendant actively concealed a HOEPA violation. See Duran v. Equifirst Corp., No. 09-3856, 2010 WL 918444, at *3 (D.N.J. Mar. 12, 2010); Soto v. Quicken Loans, No. 09-4862, 2010 WL 5169024, at *3 (D.N.J. Dec. 14, 2010) ("[T]he Amended Complaint sets forth no facts from which it can be inferred that equitable tolling is applicable [to] this [HOEPA claim]. Indeed, to the extent it is alleged that any defendants misled Plaintiffs, all such conduct occurred prior to the closing date. Further, it does not appear Plaintiffs exercised reasonable diligence in pursuing their claims."). Moreover, Plaintiffs have not

15

pled what facts, with reasonable diligence, they were unable to uncover until recently. See Lutzky v. Deutsche Bank Nat'l Trust Co., No. 09-3886, 2009 WL 3584330, at *6 (D.N.J. Jan. 27, 2009) ("Plaintiffs' claims stem from the terms and execution of their mortgage loan. As such, Plaintiffs could have easily discovered the improper conduct at the time of the execution of the mortgage simply by reviewing the documents relating to the mortgage if they had exercised 'reasonable diligence and intelligence.'"); Politi v. Peoples Mortg. Corp., No. 14-4194, 2011 WL 666086, at *4 (D.N.J. Feb. 14, 2011) ("Other than the unsupported assertion that Plaintiff did not discover the allegedly illicit nature of the loan until 2009, Plaintiff has neither provided a reason for his untimely discovery, nor has he alleged anything that could conceivably connect Defendants to his allegedly untimely discovery."); Wilkins v. ING Bank FSB, No. 10-5334, 2011 WL 3913120, at *2 (D.N.J. Sept. 1, 2011) (dismissing where "Plaintiff has not demonstrated why she was unable to examine these documents more closely at the time of closing, and therefore the statute of limitations bars her TILA, HOEPA and RESPA claims.").

Count Ten is accordingly dismissed.

### J.     Fraud (Count Eleven)

Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule "9(b) requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements." Klein v. Gen. Nutrition Co., 186 F.3d 338, 345 (3d Cir. 1999). Plaintiff need not always identify the particular time and place of the misrepresentation, however, so long as the complaint contains some "alternative means of injecting precision and some measure of substantiation into [the] allegations of fraud." Seville Indus. Mach. Corp. v. Southmost Mach.

Corp., 742 F.2d 786, 791 (3d Cir. 1984); see also NN & R, Inc. v. One Beacon Ins. Grp., 362 F. Supp. 2d 514, 518 (D.N.J. 2005) (quoting Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998)).

With respect to a claim for fraud, "Rule 9(b) requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." Shapiro v. UJB Fin. Corp., 964 F.2d 272, 284 (3d Cir. 1992). The complaint must describe the circumstances of the fraudulent representation of material facts, identifying factual details, such as the "who, what, when, where and how of the events at issue." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1422 (3d Cir. 1997). "Misrepresentation and reliance are the hallmarks of any fraud claim, and a fraud cause of action fails without them." Banco Popular N. Am. v. Gandi, 184 N.J. 161, 174 (2005). A claim of fraudulent concealment requires a plaintiff to additionally plead the existence of a duty to disclose. Berman v. Gurwicz, 189 N.J. Super. 89, 93 (App. Div. 1981).

Here, Plaintiffs allege that "Defendants concealed the fact that the Loans were securitized as well as the terms of the Securitization Agreements, including inter alia: (1) Financial Incentives paid; (2) existence of Credit Enhancement Agreements, and (3) existence of Acquisition Provisions." Compl. ¶ 225. Plaintiffs do not allege that Defendants affirmatively misrepresented whether the loan would be retained by the originator rather than securitized. See Hernandez v. Fed. Nat'l Mortg. Ass'n, No. 14-7950, 2015 WL 3386126, at *3 (D.N.J. May 26, 2015) ("[Plaintiff] asserts that Defendants committed fraud in the concealment by securitizing the Loan without informing him. [But Plaintiff] cannot rest a claim on the fact that his loan was securitized, especially where he does not allege that Defendants affirmatively represented that his Loan would

17

never be packaged into a mortgage-backed security."). Nor do Plaintiffs identify how any alleged facts were concealed, the nature of any specific representation, or the nature of any Defendant's duty to disclose an intent to securitize a loan. See Torsiello v. Strobeck, 955 F. Supp. 2d 300, 316 (D.N.J. 2013) (dismissing for failure to state a claim where the complaint "d[id] not identify a misrepresentation, allege that the speaker knew it was false, or state that the speaker intended for [plaintiff] to rely on the misrepresentation.").

Moreover, Plaintiffs do not plead how they relied—or how they were damaged—when Defendants allegedly failed to inform them that their Note would "be included in a pool with other notes [and] split into tranches." Compl. ¶ 226. Rather, without any further explanation, they allege that "[c]hanging the character of the loan in this way had a materially negative effect on Plaintiffs." Id. ¶ 227. These "naked assertions devoid of further factual enhancement," Iqbal, 556 U.S. at 678, are insufficient to state a claim even under Rule 8, much less the heightened pleading requirements under Rule 9(b).

### K. Intentional Infliction of Emotional Distress (Count Twelve)

To state a claim for intentional infliction of emotional distress, a party must plead "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." Taylor v. Metzger, 152 N.J. 490, 509 (1998) (citation omitted). To succeed, defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." See Subbe-Hirt v. Baccigalupi, 94 F.3d 111, 114 (3d Cir. 1996).

New Jersey sets a "high bar" for a plaintiff to establish extreme and outrageous conduct. See Taveras v. Resorts Int'l Hotel, Inc., No. 07-4555, 2008 WL 4372791, at *6 (D.N.J. Sept. 19, 2008) (citing Fregara v. Jet Aviation Bus. Jets, 764 F .Supp. 940, 956 (D.N.J.1991) ("[Under New Jersey law] the limited scope of the tort tolerates many kinds of unjust, unfair and unkind

conduct.")).  "Only where reasonable persons may differ is it for the jury, subject to the control of the court, to determine whether the conduct alleged in this case is sufficiently extreme and outrageous to warrant liability."  McConnell v. State Farm Mut. Ins. Co., 61 F. Supp. 2d 356, 363 (D.N.J. 1999) (internal quotation marks omitted).

Plaintiffs' only allegations regarding outrageous conduct are that Defendants purportedly "fraudulently attempt[ed] to foreclose or claim[ed] the right to foreclose on a property in which they have no right, title, or interest" and did not act "in good faith while attempting to collect on the subject debt."  Compl. ¶¶ 245, 247.  They do not allege any specific facts regarding the nature of Defendants' conduct such that it could be reasonably inferred that Defendants acted in an "extreme" or "outrageous" manner.  Allegations that a defendant attempted to collect a debt, standing alone, do not rise to the level of "outrageous" conduct as a matter of law.  See Fogarty v. Household Fin. Corp. III, No. 14-4525, 2015 WL 852071, at *17 (D.N.J. Feb. 25, 2015) (dismissing claim because "issuing written threats of foreclosure" was not "outrageous" conduct); Francis v. TD Bank, N.A., No. 12-7753, 2013 WL 4675398, at *7 (D.N.J. Aug. 30, 2013) (dismissing claim because allegation that defendant foreclosed on plaintiff's home was insufficient to state "outrageous" conduct), aff'd, 597 F. App'x 58 (3d Cir. 2014); Fallas v. Cavalry SPV I, LLC, No. 12-5664, 2013 WL 1811909, at *9 (D.N.J. Apr. 29, 2013) (dismissing claim where "the sending of three collection letters over many months—was not extreme or outrageous."); Jenkins v. CitiFinancial, No. 10-986, 2010 WL 4860667, at *5 (D.N.J. Nov. 23, 2010) ("Bill collect[ion] . . . while annoying or inconvenient, does not amount to atrocious conduct that exceeds all bounds of human decency.").  Count Twelve is accordingly dismissed.

    **L.**    **Slander of Title (Count Thirteen)**

To establish a cause of action for slander of title, a plaintiff must show: "(1) publication (2) with malice (3) of false allegations concerning plaintiff's property or product (4) causing special damages, i.e., pecuniary harm." Sys. Operations, Inc. v. Scientific Games Dev. Corp., 555 F.2d 1131, 1140 (3d Cir. 1977); see also Stewart Title Guar. Co. v. Greenlands Realty, L.L.C., 58 F. Supp. 2d 370, 388 (D.N.J. 1999). Malice is defined as the "intentional commission of a wrongful act without just cause or excuse." Stewart Title, 58 F. Supp. 2d at 388.

Plaintiffs' slander of title claim is based on the conclusory allegation that Defendants "disparaged Plaintiffs' exclusive valid title by and through the preparing, posting, publishing, and recording of the documents … including, but not limited to, the Notice of Default, Notice of Trustee's Sale, Trustee's Deed, and the documents evidencing the commencement of judicial foreclosure by a party who does not possess that right." Compl. ¶ 255. The remainder of the Complaint fails to describe the alleged published documents, the purportedly defamatory statements they contain, or where these documents were published. It further conflicts with Plaintiffs' allegation that Defendant has not yet sought foreclosure. See Compl. Prayer for Relief ¶ 9. This allegation is devoid of any further factual enhancement, and fails to state a claim upon which relief may be granted. See Coleman v. Deutsche Bank Nat'l Trust Co., No. 15-1080, 2015 WL 2226022, at *6 (D.N.J. May 12, 2015) (dismissing slander of title claim based on conclusory allegation that "disparaged Plaintiff's exclusive valid title.").

**IV.     CONCLUSION**

For the reasons set forth above, Defendants' motions to dismiss the Complaint are **GRANTED**. An appropriate order will follow.

s/ *Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**
